**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **INEZ NIEVES, et al.,** | ) | **CASE NO. 1:24-cv-01861** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN A. POLSTER** |
| | ) | |
| **vs.** | ) | **DEFENDANTS' LORAIN** |
| | ) | **COUNTY AND CRAIG** |
| **LORAIN COUNTY, et al.,** | ) | **SNODGRASS JOINT** |
| | ) | **MOTION TO DISMISS** |
| **Defendants.** | ) | |

Now come Defendants, Lorain County and the Lorain County Auditor, Craig Snodgrass ("Auditor") (collectively "the County Defendants"), by and through counsel, the Lorain County Prosecuting Attorney, and hereby respectfully jointly move this Honorable Court to dismiss the Plaintiffs', Inez Nieves and Betsy Ramos, ("Plaintiffs") Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A memorandum in support of this Motion follows and is attached hereto.

Respectfully submitted,

J.D. Tomlinson, # 0081769
Lorain County Prosecuting Attorney

/s/ Greg Peltz
DAN PETTICORD, #0060009
GREG PELTZ, #0091542
Assistant Prosecuting Attorneys
225 Court Street, 3rd Floor
Elyria, Ohio 44035-5642
Tel: (440) 329-5389
Email: greg.peltz@lcprosecutor.org

*Attorneys for Defendants*

## **LOCAL RULE 7.1(f) CERTIFICATION**

Defendants certify that this case has not yet been placed on a track but anticipate that it may be placed on the Standard Track, or the Complex Track, and that the memorandum adheres to the page limitation specifications of Local Rule 7.1(f) of the United States District Court of the District of Ohio.

/s/ Greg Peltz
Dan Petticord
Greg Peltz

*Attorneys for Defendants*

## MEMORANDUM IN SUPPORT

### I. SUMMARY OF THE ARGUMENT

Plaintiffs' claims arise from a third-party sale of their foreclosed upon property. Plaintiffs co-owned a property located in the city of Lorain, Ohio and that property was foreclosed upon by the Lorain County Treasurer ("Treasurer") as a result of Plaintiffs' failure to pay delinquent property taxes. The Treasurer brought a foreclosure action against Plaintiffs in Ohio state court in Lorain County Common Pleas Case No. 22TX007883. The foreclosure action was resolved by Plaintiffs and the Treasurer as the Plaintiffs consented to an adverse judgment against themselves. Exhibit A.

Thereafter, the property was put up for sale at an auction at what is commonly known as a Sheriffs Sale, however, after two auctions the property failed to sell. Exhibit B. Thereafter, the property was forfeited to the State of Ohio pursuant to Ohio Revised Code 5723.01 and an Auditor's Deed was executed pursuant to Ohio Revised Code 5722.04 transferring the property to the Lorain County Land Bank ("Lank Bank"). Exhibit C. The Land Bank was formed by the Lorain County Board of Commissioners pursuant to Ohio Revised Code 1724.04 and 5722.02 and the proper name of this entity is the Lorain County Land Reutilization Corporation, however, it is commonly referred to as the Lorain County Land Bank. The Land Bank then sold the property to a third-party, All American Home Renovations, LLC ("Third Party"). Exhibit D. It is this third-party transaction that Plaintiffs take issue with alleging that because the property sold in surplus of the actual amount of delinquent taxes owed and because the Land Bank retained that surplus, the retention of the surplus amounted to an unlawful taking of Plaintiffs property in violation of the U.S. Constitution.

### II. PLAINTIFFS' ALLEGATIONS

Plaintiffs have brought the instant Complaint against "Lorain County" and the Auditor based upon allegations that the County Defendants have "established a policy and practice of taking

1

property without just compensation in violation of the U.S. Constitution[,]" as outlined in Plaintiffs' first claim and that the County Defendants "have established a policy and practice of imposing excessive fines and forfeitures in violation of the U.S. Constitution" as outlined in Plaintiffs' second claim. Complaint, PageID # 18 and 19. Plaintiffs argue that the County Defendants retained the surplus which amounts to an unconstitutional taking pursuant to the United States Supreme Court's ruling in *Tyler v. Hennepin County*, 598 U.S. 631 (2023) (Holding that Minnesota's retention of the excess value of a plaintiff's home above the home's tax debt when sold through a foreclosure sale violated the Takings Clause.).

Yet, Plaintiffs have brought this lawsuit against "Lorain County" and the Auditor. "Lorain County" must be dismissed as a party to the Complaint because, as an unchartered county, pursuant Ohio law and Sixth Circuit jurisprudence, "Lorain County" is not sui juris. *Edelstein v. Flottman*, 2023 U.S. Dist. LEXIS 206376, at * 12 (S.D. Ohio November 17, 2023). Further, the Auditor must be dismissed because Plaintiffs can establish no facts to state a claim to relief against the Auditor. Lastly, and perhaps most importantly, Plaintiffs' Complaint must be dismissed because the surplus transaction complained of is not analogous to other surplus transactions found to be in violation of the Takings Clause as established in *Tyler*. As a result, this Court should dismiss Plaintiffs' Complaint for failure to state a claim against both County Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### III. STANDARD OF REVIEW

When considering a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *United States ex rel. Ibanez v. Bristol-Myers Squibb Co*., 874 F.3d 905, 915 (6th Cir. 2017). In order to survive a motion to

dismiss, a complaint must contain sufficient factual matter, if accepted as true, to state a plausible claim against the defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Based upon the plain reading of Plaintiffs' Complaint, Plaintiffs have failed to allege sufficient facts, accepted as true, to state a claim against the Auditor. Further, because Lorain County is not *sui juris*, Plaintiffs have likewise failed to allege sufficient facts, accepted as true, to state a claim against "Lorain County."

And as a general matter, this Court may consider the attachments to the County Defendant's motion because such attachments are public records and are integral to further understanding the allegations within the Complaint. As the Sixth Circuit as held, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007). And these documents include public records that are not attached to the pleadings. *Barany-Snyder v. Weiner,* 539 F.3d 327, 332 (6th Cir. 2008). Further, the Sixth Circuit has held that "matters of public record may be considered on a motion to dismiss." *Goryoka v. Quicken Loan, Inc.,* 519 F. App'x 926, 927 (6th Cir. 2013). Based upon this, this Court can consider the attached exhibits to this motion which consists of public records in the underlying foreclosure action and public records related to the transfer of the property.

## IV. LAW AND DISCUSSION

### 1. Lorain County is Not Sui Juris.

Plaintiffs have brought this Complaint against "Lorain County." A county is a geographic location and therefore a named county, such as "Lorain County," is not sui juris. *Edelstein v. Flottman*, 2023 U.S. Dist. LEXIS 206376, at * 12 (S.D. Ohio November 17, 2023). "[C]ounties, as political entities, are not sui juris; they are held accountable through their elected representatives, to

3

wit, their commissioners." *McGuire v. Ameritech Servs.*, 253 F.Supp.2d 988, 1015 (S.D. Ohio 2003). And, as an unchartered county of Ohio, "Lorain County" itself is not an entity that can be sued. *Lovelo v. Clermont Cnty. Sheriff.*, 2023 U.S. Dist. LEXIS 227581, at *2 (S.D. Ohio Dec. 21, 2023).

The question of whether a county, named as such, has the capacity to be sued is governed by the law of the state in which the district court sits. Fed.R.Civ.P. 17(b); *Wilson v. Trumbull Cnty. Dept. of Job and Family Servs.*, No. 4:12 CV 02163, 2013 US Dist. LEXIS 154925, *8 (N.D. Ohio Oct. 7, 2013). Under Ohio law, a county is not itself a corporation, but merely a political organization under the laws of the state and is therefore not sui juris. *Kinsey v. Cnty of Lorain,* 2019 US Dist. LEXIS 10871, * 24 (N.D. Ohio Jan. 23, 2019) (Where all claims asserted against "Lorain County" were dismissed because Lorain County is not sui juris.).

As such, "Lorain County" is therefore not sui juris and Plaintiffs' Complaint does not contain sufficient factual matter, if accepted as true, to state a plausible claim against "Lorain County" and this Court should dismiss Lorain County as a party to this Complaint.

### 2.     Plaintiffs' Complaint does not contain sufficient facts to state a plausible claim against the Auditor.

By the plain reading of Plaintiffs Complaint, they have also brought this Complaint against the Auditor. Yet, Plaintiffs have failed to contain any sufficient factual allegations that the Auditor was involved in the alleged surplus transaction and as such, the Auditor should be dismissed.

As a result of the foreclosure proceedings in Lorain County Common Pleas Case No. 22TX007883, the property was transferred to the state of Ohio on February 27, 2023, by way of what is referred to as an "Auditor's Deed" and the Auditor by operation of law transferred title to the property to the Land Bank. Exhibit C. Then the property was subsequently transferred on July 24, 2024, to the Third Party. Exhibit D.

First, Plaintiffs plainly allege that the Land Bank listed their former property for sale, not the Auditor.  Complaint ¶ 35, Page ID #7.  Then Plaintiffs plainly state that a sale of their former property was executed between the Land Bank and the Third Party and Plaintiffs have alleged that this sale amounted to a surplus.  Complaint ¶ 36, Page ID # 8.  The surplus went to the Land Bank pursuant to Ohio law and did not go to the Auditor.  As Plaintiffs plainly state in their Complaint, "[u]pon information and belief, the land bank sold the property to All American Home Renovations LLC for a price above the back taxes owed[.]" Complaint ¶ 39, Page ID #8.  If any party has "violated the rights of Plaintiffs and all others similarly situated (the plaintiff class) by stealing the value in their property over and above the amounts legally owed for back property taxes" as alleged by Plaintiffs, it is the Land Bank only and not the Auditor.  Complaint ¶ 14, Page ID # 3.

To the extent that Plaintiffs attempt to link the Land Bank with the Auditor by alleging that forfeiture to the State is just a "technical stop" and "after forfeiture to the State, Lorain County retains practical responsibility for determining what to do with the property" any such bare assertion falls short of establishing a set of facts against the Auditor that would justify bringing this claim against him. Complaint ¶ 14, Page ID # 3.

### 3.    No "surplus transaction" occurred.

Addressing the actual merits of Plaintiffs' Complaint, a surplus transaction at issue in *Tyler* did not take place because the property failed to sell at the foreclosure sale and instead was transferred to the state.  As plainly alleged by Plaintiffs, the property did not sell at the Sheriff's sale and thus was transferred by Ohio law to the Auditor for purposes of a transfer to the Land Bank.  Exhibit C.  Based upon these alleged facts, the surplus transaction in *Tyler* found to be in violation of the Takings Clause is simply not present in these allegations.  In this way, Plaintiffs are attempting to

5

expand *Tyler* to their particular transaction without any supporting authority.  Such an expansion of *Tyler* would abolish and uproot long-standing Ohio law.

In support of this expansion of *Tyler* argument, Plaintiffs allege that the transfer from the Auditor to the Land Bank was merely a "technical stop."  Yet, Plaintiffs provide no factual or legal support for this bare assertion.  And based upon the plain reading of the Complaint, no surplus transaction in violation of the Takings Clause as held in *Tyler* occurred here.  Acting under then-existing Minnesota law, Minnesota seized the subject property for failure to pay property taxes and then pursuant to Minnesota law, it sold the property at what would be characterized as a foreclosure sale and kept the surplus of that foreclosure sale.  *Tyler* at 636.  In *Tyler*, the surplus transaction occurred at the foreclosure sale, but Plaintiffs' property failed to sell at Sheriffs Sale, here the foreclosure sale, and was forfeited by statute to the State via the Auditor.  In this way, there is no surplus transaction as contemplated by *Tyler*.

Further on this point, the Sixth Circuit recently assessed this surplus transaction issue in *Metro T. Props., LLC v. Cnty. of Wayne*, 2024 U.S. Dist. LEXIS 26689, at \*4 (E.D.Mich. Feb. 15, 2024).  In *Metro,* however, because the property in question actually sold at the foreclosure sale to a third party a surplus transaction in violation of *Tyler* actually took place.  In *Metro*, the district court dismissed the plaintiff's complaint because the plaintiff failed to avail themself to here is a statutory path to recover the surplus proceeds.  *Id.* at \* 12.  Again, here, the property did not sell and was instead transferred to the state pursuant to the Ohio Revised Code.  On this point alone, the surplus transaction at issue in *Tyler* is not at issue in this case no matter how artfully Plaintiffs' style their allegations as a "technical stop" or a "bureaucratic shuffle."

As such, based upon the plain reading of Plaintiffs' Complaint, the surplus transaction in *Tyler* did not take place here because the property failed to sell at the foreclosure sale and instead

6

was transferred to the state.  Accordingly, Plaintiffs can prove no set of facts, even accepted as true, to state a claim against any Lorain County entity on their claims and this Court should dismiss Plaintiffs' Complaint with prejudice.

## V.  CONCLUSION

Based upon the foregoing arguments, "Lorain County" must be dismissed because it is not *sui juris* and the Auditor must be dismissed because Plaintiffs can establish no facts to state a claim to relief against the Auditor.  Further, addressing the merits of Plaintiffs' Complaint, this Court must dismiss Plaintiffs' Complaint because a surplus transaction at issue in *Tyler* did not take place because the property failed to sell at the foreclosure sale and instead was transferred to the state. As a result, this Court should dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure with prejudice.

Respectfully submitted,

J.D. Tomlinson, # 0081769
Lorain County Prosecuting Attorney

/s/ Greg Peltz
DAN PETTICORD, #0060009
GREG PELTZ, #0091542
Assistant Prosecuting Attorneys
Lorain County Prosecutor's Office
225 Court Street, 3rd Floor
Elyria, Ohio 44035-5642
Tel: (440) 329-5389
Email: greg.peltz@lcprosecutor.org

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 18, 2024, I electronically filed a true and accurate copy of the foregoing Defendants' Motion to Dismiss. Parties will receive notification via email and may access a copy of the document through the Court's electronic filing system. I certify that on December 18, 2024 a copy of the foregoing Defendants' Motion to Dismiss was sent by email to counsel for Plaintiffs.

/s/ Greg Peltz
Dan Petticord
Greg Peltz

*Attorneys for Defendants*

FILED
LORAIN COUNTY

2022 APR 15 P 1: 58

COURT OF COMMON PLEAS
TOM ORLANDO

**IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO**

| | | |
|---|---|---|
| **LORAIN COUNTY TREASURER,** | ) | **CASE NO. 22TX007883** |
| | ) | |
| **Plaintiff** | ) | **JUDGE RAYMOND J. EWERS** |
| | ) | |
| **VS.** | ) | **CONSENT** |
| | ) | **JUDGMENT ENTRY** |
| **INES NIEVES KNA INES PERES,** | ) | |
| **et al** | ) | |
| | ) | **SHERIFF SALE** |
| **Defendants** | ) | **P. P. No. 02-01-003-203-008** |

2022 APR 15 PM 2: 20   RECEIVED

1.      This cause coming on for hearing on the Complaint of the Plaintiff, Daniel J. Talarek,

Lorain County Treasurer. On the evidence presented, the Court finds that the necessary parties

have been served with summons according to law and are properly before the Court. The parties

have consented to the herein judgment as indicated by their affixed signatures.

2.      The Court further finds that there is due Plaintiff in rem, the aggregate sum of $15,830.44

plus court costs which includes accrued taxes, delinquencies, assessments, penalties, interest and

charges as of this filing.  Additional taxes, penalties, and interest, in an amount unascertainable

at this time, continue to accrue and shall be included as part of the balance due if applicable.

3.      The Court further finds that Plaintiff has a first and best lien against the premises

described in the Complaint and is entitled to recover the entire amount of taxes set forth herein

from the sale of the premises.

4.      The Court further finds that through the return of service the subject property is vacant.

Therefore, the Unknown Tenants are an unnecessary party and are hereby dismissed.

5.      The Court further finds that Defendants Betsy Ramos and Ines Nieves kna Ines Perez are



EXHIBIT
A

single, therefore the Unknown Spouse of Betsy Ramos and Inez Nieves kna Ines Perez are

unnecessary parties and are hereby dismissed.

6.     The Court further finds that there is no just reason for delay in entering judgment for the

Plaintiff.

## DESCRIPTION

**SEE LEGAL DESCRIPTION ATTACHED HERETO AND INCORPORATED BY REFERENCE AS EXHIBIT "A".**

Permanent Parcel No.        02-01-003-203-008

Commonly known as:        125 West 29th St., Lorain, OH 44055, Lorain County

Prior Deed References:        Instrument No. 20060140961 of Lorain County Records.

And, coming now to distribute the proceeds of said sale, it is ordered that the Sheriff out of the

funds in his hands pay:

FIRST:        To the Clerk of Courts the costs of this action, including the fees of appraisers.

SECOND:     To the Plaintiff, Treasurer of Lorain County, the unpaid taxes, assessments, interest and penalties due and payable on said premises.

THIRD:        The balance, if any, to be held by the Clerk, pending further order.

        IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that unless Plaintiff is

paid the sum of $15,830.44 plus interest and court costs an Order of Sale shall be issued to the

Sheriff of Lorain County, Ohio, directing him to advertise and sell, without appraisal, the

following described premises for not less than the Judgment granted herein, including taxes,

assessments, penalties and charges payable subsequent to the delivery of the delinquent land tax

certificate to the prosecuting attorney of Lorain County, Ohio, prior to the entry of the

confirmation of sale, and thereafter to report his proceedings to the Court, and await further

orders from the said Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a notice of sale shall be published in a newspaper of general circulation in Lorain County, Ohio.

_____
JUDGE RAYMOND J. EWERS

CONSENT:

_____
APA Katherine L. Keefe
Counsel for Plaintiff

_____
Ines Nieves kna Ines Perez
Defendant

_____
Betsy Ramos
Defendant

### INSTRUCTIONS TO THE CLERK: THIS IS A FINAL APPEALABLE ORDER

Pursuant to Civ.R.58(B), you are to serve notice of this judgment and its date of entry upon the journal to all parties not in default for failure to appear within three days of the Judgment's entry upon the journal and note the service on the docket.

**SCHEDULE A**

Description of Land

Situated in the City of Lorain, County of Lorain and State of Ohio: And known as being Sublot No. 43 in Morehouse and Foster's Subdivision, of part of Original Black River Township Lot No. 3., Tract 1, as shown by the recorded plat in Volume 4, Page 27 of Lorain County Records, and being a parcel of land 50 feet front on the Southerly side of Allen Avenue, now known as West 29th Street, and extending back of equal width 132.92 feet, as appears by said plat, be the same more or less.
Permanent Parcel No. 02-01-003-203-008

Commonly known as 125 West 29th Street, Lorain, Ohio 44055

Legal description reviewed by _____

on 3/2/22 _____ per ORC, Section 5713.09

Doc ID: 023720130003 Type: OFF
Kind: DEEDS
Recorded: 10/26/2022 at 11:48:08 AM
Fee Amt: $0.00 Page 1 of 3
Lorain County, Ohio
Mike Doran County Recorder

File **2022-0896481**

CERTIFIED
COPY

AUG 1 0 2022

TOM ORLANDO
CLERK OF COURTS
LORAIN COUNTY

FILED
LORAIN COUNTY

2022 AUG -0 P 2:08

COURT OF COMMON PLEAS
TOM ORLANDO

# IN THE COURT OF COMMON PLEAS
## LORAIN COUNTY, OHIO

| | |
|---|---|
| **LORAIN COUNTY TREASURER,** ) | **CASE NO. 22TX007883** |
| **PLAINTIFF** ) | **JUDGE RAYMOND J. EWERS** |
| **VS.** ) | **JUDGMENT ENTRY OF FORFEITURE** |
| ) | **OF REAL ESTATE TO THE** |
| **INES NIEVES KNA INES PERES,** ) | **STATE OF OHIO** |
| **ET AL** ) | |
| ) | **BOOKKEEPING 30 DAY** |
| **DEFENDANTS** ) | |
| ) | |

Pursuant to Section 5723.01 of the Ohio Revised Code, it is hereby Ordered, Adjudged and Decreed that the premises described below be and the same is hereby forfeited to the **State of Ohio** and that all right, title, claim and interest of the parties in said real estate is transferred to and vested in the State of Ohio, with the real estate to be sold pursuant to Chapter 5723 of the Ohio Revised Code. It is further ordered that certified copies of this Judgment Entry shall be sent to the **Lorain County Auditor, and the Lorain County Treasurer, and the Lorain County Prosecutor.**

## DESCRIPTION

### SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A"

Permanent Parcel No.       **02-01-003-203-008**

Commonly known as:       **125 West 29th St., Lorain, OH 44055**

Prior Deed References:       **Instrument No. 20060140961 of Lorain County Records.**

*Raymond J. Ewers*

**JUDGE RAYMOND J. EWERS**

I HEREBY CERTIFY THIS TO BE A TRUE COPY
OF THE ORIGINAL ON FILE IN THE OFFICE OF
TOM ORLANDO, LORAIN COUNTY
CLERK OF COURT OF COMMON PLEAS
BY _____ DEPUTY CLERK

**TRANSFERRED**
IN COMPLIANCE WITH SEC. 319-202
OHIO REV. CODE

OCT 2 6 2022

**J. CRAIG SNODGRASS, CPA, CGFM**
LORAIN COUNTY AUDITOR



EXHIBIT
B

CERTIFIED
COPY

AUG 1 0 2022
TOM ORLANDO
CLERK OF COURTS
LORAIN COUNTY

APPROVED BY:
J.D. TOMLINSON
Prosecuting Attorney
Lorain County, Ohio

KATHERINE L. KEEFER (0088096)
Attorney for Lorain County Treasurer

**INSTRUCTIONS TO THE CLERK: THIS IS A FINAL APPEALABLE ORDER.
Pursuant to Civ.R.58(B), you are to serve notice of this judgment and its date of
entry upon the journal to all parties not in default for failure to appear within three
days of the of the Judgment's entry upon the journal and note the service in the
appearance docket.**

ile Number: 20220806481 Page 2 of 3

CERTIFIED
COPY        SCHEDULE A

Description of Land

AUG 1 0 2022
TOM ORLANDO

Situated in the City of Lorain, County of Lorain and State of Ohio: And known as being Sublot No. 43 in Morehouse and Foster's Subdivision, of part of Original Black River Township Lot No. 32, and as shown by the recorded plat in Volume 4, Page 27 of Lorain County Records, and being a parcel of land 50 feet front on the Southerly side of Allen Avenue, now known as West 29th Street, and extending back of equal width 132.92 feet, as appears by said plat, be the same more or less.
Permanent Parcel No. 02-01-003-203-008

Commonly known as 125 West 29th Street, Lorain, Ohio 44055

Legal description reviewed by _____
on 3/2/22 per ORC, Section 5713.09

Legal description reviewed by _____
on 10/25/22 per ORC. Section 5713.09

LORAIN COUNTY AUDITOR
226 MIDDLE AVE
2ND FLOOR
ELYRIA, OH 44035


EXHIBIT
A

ORT Form 4276 A & B
PR 09/01/2014

Doc ID: 023644580002 Type: OFF
Kind: DEEDS
Recorded: 02/27/2023 at 03:27:49 PM
Fee Amt: $0.00 Page 1 of 2
Lorain County, Ohio
Mike Doran County Recorder

File 2023-0907905

**TRANSFERRED**
IN COMPLIANCE WITH SEC. 319-202
OHIO REV. CODE
**FEB 2 7 2023**

**J. CRAIG SNODGRASS, CPA, CGFM**
LORAIN COUNTY AUDITOR

---

## AUDITOR'S DEED
(Forfeited Land Sale)
Revised Code Secs. 5721.09, .14, .15, .17; 5723.05, .06, .10, .12      LB

---

*KNOW ALL MEN BY THESE PRESENTS: That whereas, the Real Estate hereinafter described, having become and being delinquent for non-payment of taxes; assessment, penalties, interest and costs, was forfeited to the State of Ohio, as will fully appear by the records of the Court of Common Pleas and of the County Auditor of LORAIN County, Ohio; and*

*WHEREAS, said County Auditor, has received a written request for direct transfer of property forfeited to the State of Ohio from the Lorain County Land Reutilization Corporation pursuant to Ohio Revised Code 5722.04;*

*NOW THEREFORE, I, J. CRAIG SNODGRASS as County Auditor of Lorain County, Ohio acting as agent of the State of Ohio, upon request of the Lorain County Land Reutilization Corporation and pursuant to the O.R.C. 5722.04, do hereby GRANT, BARGAIN, SELL, AND CONVEY unto the said LORAIN COUNTY LAND REUTILIZATION CORPORATION their heirs and assigns forever, the Real Estate sold as aforesaid and fully described as follows:*

*Situated in the City of Lorain, County of Lorain and State of Ohio; and known as being Sublot No. 43 in Morehouse and Foster's Subdivision, of part of Original Black River Township Lot No. 3, Tract 1, as shown by the recorded plat in Volume 4, Page 27 of Lorain County Records, and being a parcel of land 50 feet front on the Southerly side of Allen Avenue, now known as West 29th Street, and extending back of equal width 132.92 feet, as appears by said plat, being the same more or less.*

Permanent Parcel No. 02-01-003-203-008

Prior Deed Reference:  Instrument 2022-0896481 of Lorain County Records

Legal description reviewed by _____

on __2__/__27__/__23__ per ORC Sec. 5713.09

EXHIBIT
C

PENGAD 800-631-6989

*TO HAVE AND TO HOLD said premises, with all the privileges and appurtenances thereunto belonging, to the said   Lorain County Land Reutilization Corporation   their heirs and assigns forever.*

*IN WITNESS WHEREOF, I   J. Craig Snodgrass, County Auditor of Lorain County, Ohio, acting as agent of the State of Ohio, have hereunto set my hand, this 27th day of February 2023.*

*Lorain County Auditor*
*Of Lorain County, Ohio*
*Acting as Agent of the State of Ohio*

*The State of Ohio LORAIN County, ss.*

   *BE IT REMEMBERED, that on this 27th day of February 2023, before me, the subscriber, a notary public in and for said County, personally came the above named J. CRAIG SNODGRASS, as County Auditor of LORAIN County, Ohio, acting as agent of the State of Ohio, the Grantor in the foregoing Deed, and acknowledged the signing of the same to be his voluntary act and deed, as such County Auditor and agent of the State of Ohio, for the uses and purposes therein mentioned.*

   *IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my official seal, on the day and year last aforesaid.*

Alisa Dawson
*My commission*
*expires 5/20/23*

**SEAL**

*This instrument was prepared by the Lorain County Auditor's Office.*

```
LORAIN COUNTY LAND
REUTILIZATION CORP
226 MIDDLE AVE   5TH FLOOR
ELYRIA, OH 44035
```

**2024-0020678**
DEEDS Fee:$0.00 Page 1 of 2
Recorded: 7/24/2024 at 11:07 AM
Receipt: T20240014847
Lorain County Recorder Mike Doran

**TRANSFERRED**
IN COMPLIANCE WITH SEC. 319-202
OHIO REV. CODE

JUL 2 4 2024

*Fee Exempt K.R.*

# Quit Claim Deed J. CRAIG SNODGRASS, CPA, CGFM
LORAIN COUNTY AUDITOR

### *Know all Men by these Presents*

*That,* **Lorain County Land Reutilization Corporation,** the Grantor, who may claim title by or through **Instrument No. 2023-0907905** recorded in the Lorain County Recorder's Office, for good and valuable consideration received to its full satisfaction **All American Home Renovations LLC** the Grantee, whose *TAX MAILING ADDRESS* will be **215 Howe St. Elyria, OH 44035,** has given, granted, remised, released and forever quit-claimed, and does by these presents absolutely give, grant, remise, release and forever quit-claim unto the said Grantee, its successors and assigns forever, all such right and title as it, the said Grantors, has or may have in and to the premises identified by Permanent Parcel Number 02-01-003-203-008 and as described below,

Situated in the City of Lorain, County of Lorain and State of Ohio; and known as being Sublot No. 43 in Morehouse and Foster's Subdivision, of part of Original Black River Township Lot No. 3, Tract 1, as shown by the recorded plat in Volume 4, Page 27 of Lorain County Records, and being a parcel of land 50 feet front on the Southerly side of Allen Avenue, now known as West 29th Street, and extending back of equal width 132.92 feet, as appears by said plat, being the same more or less.

**P.P. No. 02-01-003-203-008**

Legal description reviewed by _____

_7/24/24_ per ORC Sec. 5713.

**TO HAVE AND TO HOLD** the above granted and bargained premises, with the appurtenances

thereof, unto the said Grantee, its successors and assigns, so that neither the said Grantors, nor its

successors or assigns, nor any other persons claiming title through or under it, shall or will



EXHIBIT

D

hereafter claim or demand any right or title to the premises, or any part thereof; but they and every one of them shall by these presents be excluded forever.

Signed and acknowledged in the presence of :

By: _____

James L. Miller,
**Lorain County Land Reutilization Corporation**

*State of Ohio*      )
                   )
*Lorain County,*     ) ss.

       Before me, a Notary Public, in and for said County and State, **James L. Miller, Assistant Director Lorain County Land Reutilization Corporation** personally appeared and acknowledged that she / he did sign the foregoing instrument and that the same is her / his free act and deed.

       ***In Testimony Whereof, I*** have hereunto set my hand and official seal at *226 Middle Ave, Elyria, OH 44035*, this _23_ day of _July_, 2024.

_____

**Nicole Finnerty**
**Notary Public, State of Ohio**
**My Commission Expires:**
**August 14, 2028**

This instrument prepared by:
Lorain County Land Reutilization Corporation
226 Middle Ave. 5th Floor
Elyria, OH 44035