

April 17, 2025

Mr. Daniel Suhr
Hughes & Suhr, LLC
Chicago, IL 60614

Re:  Your Correspondence of February 28, 2025
     Nieves, et al. v. Lorain County Board of Commissioners, et al.
     U.S. District Court, N.D. Ohio Case No. 1:24-cv-01861

Dear Mr. Suhr:

Please be advised that the Lorain County Treasurer has asked our office to respond on their behalf to the correspondence referenced above, as it comes from counsel and the Lorain County Treasurer is represented by counsel, namely our office.

Concerning parcel no. 0201003203008 (the "Property"), I am attaching a copy of the consent entry filed with Lorain County Common Pleas Court on April 15, 2022, in the tax foreclosure matter associated with the Property. This document is attached as Exhibit A. According to this entry, your clients consented to a finding of an outstanding aggregate tax liability of $15,830.44 on the Property, including accrued taxes, delinquencies, assessments, penalties, interest, and charges as of the date of filing of the entry. This is to provide you with credible evidence of the delinquency on the property at the time of judgment, to which your clients consented.

I am further attaching a Certification of Failure to Sell Real Estate, and a Notice of Property to be Forfeited and Right to Claim with Instructions to the Clerk, both of which were filed on July 18, 2022. They are attached as Exhibits B and C. Both documents make reference to R.C. 5723.01, by which the Property was ultimately forfeited to the State of Ohio.

Concerning your first question, the Treasurer is not able to provide a response on whether the transfer of the Property from the Lorain County Land Reutilization Corporation (the "Land Bank") to All American Home Renovations, LLC ("All American") in 2024 commenced pursuant to R.C. Chapter 5722 or 5723. Subsequent to the forfeiture of parcels of land to the State of Ohio under R.C. 5723.01, the Treasurer's involvement with such parcels ends, and his office has no further interaction with them until such time as they again become viable for tax collection. Concerning your representation that the deed transferring ownership of the Property from the State to the Land Bank states on its face that the transfer occurred pursuant to R.C. 5722.04, we have no reason to doubt your veracity and would simply respond that the reference to R.C. 5722.04 speaks for itself.

Mr. Daniel Suhr
April 17, 2025
Page 2

The remainder of your questions concern the possibility of recovering and transferring any surplus from the proceeds of the sale of the Property from the Land Bank to All American, exceeding the outstanding tax liability. In response to these questions, I am attaching the purchase agreement between the Land Bank and All American, as Exhibit D. As evidenced from this document, the purchase price totaled $5,000.00.  Thus as you have requested, I hereby inform you that there was no surplus over and above the tax liability that had accrued on the Property at the time your clients consented to the tax liability judgment on the Property, which had probably increased due to additional accruals by the time of forfeiture.

Please advise if you have any questions or concerns regarding the content of this correspondence.

                                  Sincerely,

                                  Leigh S. Prugh
                                  Assistant Prosecuting Attorney


cc:      Counsel, *Nieves v. Lorain County Board of Commissioners*,
           U.S. District Court N.D. Ohio Case No. 1:24-cv-01861
           Lorain County Treasurer
           File

IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO

FILED
LORAIN COUNTY
2022 APR 15 P 1:58
COURT OF COMMON PLEAS
TOM ORLANDO

| | | |
|---|---|---|
| LORAIN COUNTY TREASURER, | ) | CASE NO. 22TX007883 |
| Plaintiff | ) | JUDGE RAYMOND J. EWERS |
| VS. | ) | CONSENT JUDGMENT ENTRY |
| INES NIEVES KNA INES PERES, et al | ) | |
| Defendants | ) | SHERIFF SALE P. P. No. 02-01-003-203-008 |

1. This cause coming on for hearing on the Complaint of the Plaintiff, Daniel J. Talarek, Lorain County Treasurer. On the evidence presented, the Court finds that the necessary parties have been served with summons according to law and are properly before the Court. The parties have consented to the herein judgment as indicated by their affixed signatures.

2. The Court further finds that there is due Plaintiff in rem, the aggregate sum of $15,830.44 plus court costs which includes accrued taxes, delinquencies, assessments, penalties, interest and charges as of this filing. Additional taxes, penalties, and interest, in an amount unascertainable at this time, continue to accrue and shall be included as part of the balance due if applicable.

3. The Court further finds that Plaintiff has a first and best lien against the premises described in the Complaint and is entitled to recover the entire amount of taxes set forth herein from the sale of the premises.

4. The Court further finds that through the return of service the subject property is vacant. Therefore, the Unknown Tenants are an unnecessary party and are hereby dismissed.

5. The Court further finds that Defendants Betsy Ramos and Ines Nieves kna Ines Perez are

**EXHIBIT A**

single, therefore the Unknown Spouse of Betsy Ramos and Inez Nieves kna Ines Perez are unnecessary parties and are hereby dismissed.

6. The Court further finds that there is no just reason for delay in entering judgment for the Plaintiff.

## DESCRIPTION

**SEE LEGAL DESCRIPTION ATTACHED HERETO AND INCORPORATED BY REFERENCE AS EXHIBIT "A".**

Permanent Parcel No.    02-01-003-203-008

Commonly known as:    125 West 29th St., Lorain, OH 44055, Lorain County

Prior Deed References:    Instrument No. 20060140961 of Lorain County Records.

And, coming now to distribute the proceeds of said sale, it is ordered that the Sheriff out of the funds in his hands pay:

FIRST:    To the Clerk of Courts the costs of this action, including the fees of appraisers.

SECOND:    To the Plaintiff, Treasurer of Lorain County, the unpaid taxes, assessments, interest and penalties due and payable on said premises.

THIRD:    The balance, if any, to be held by the Clerk, pending further order.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that unless Plaintiff is paid the sum of $15,830.44 plus interest and court costs an Order of Sale shall be issued to the Sheriff of Lorain County, Ohio, directing him to advertise and sell, without appraisal, the following described premises for not less than the Judgment granted herein, including taxes, assessments, penalties and charges payable subsequent to the delivery of the delinquent land tax certificate to the prosecuting attorney of Lorain County, Ohio, prior to the entry of the confirmation of sale, and thereafter to report his proceedings to the Court, and await further orders from the said Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a notice of sale shall be published in a newspaper of general circulation in Lorain County, Ohio.

_____
JUDGE RAYMOND J. EWERS

CONSENT:

_____
APA Katherine L. Keefer
Counsel for Plaintiff

_____
Ines Nieves kna Ines Perez
Defendant

_____
Betsy Ramos
Defendant

INSTRUCTIONS TO THE CLERK: THIS IS A FINAL APPEALABLE ORDER

Pursuant to Civ.R.58(B), you are to serve notice of this judgment and its date of entry upon the journal to all parties not in default for failure to appear within three days of the Judgment's entry upon the journal and note the service on the docket.

## SCHEDULE A

Description of Land

Situated in the City of Lorain, County of Lorain and State of Ohio: And known as being Sublot No. 43 in Morehouse and Foster's Subdivision, of part of Original Black River Township Lot No. 3., Tract 1, as shown by the recorded plat in Volume 4, Page 27 of Lorain County Records, and being a parcel of land 50 feet front on the Southerly side of Allen Avenue, now known as West 29th Street, and extending back of equal width 132.92 feet, as appears by said plat, be the same more or less.
Permanent Parcel No. 02-01-003-203-008

Commonly known as 125 West 29th Street, Lorain, Ohio 44055

Legal description reviewed by _____
on 3/2/22 per ORC, Section 5713.09

ORT Form 4276 A & B

PJR 09/01/2014

IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO

| | | |
|---|---|---|
| **LORAIN COUNTY TREASURER,** | ) | **CASE NO. 22TX007883** |
| **PLAINTIFF** | ) | |
| | ) | **JUDGE RAYMOND J. EWERS** |
| VS. | ) | |
| | ) | **CERTIFICATION OF FAILURE TO SELL REAL ESTATE** |
| **INES NIEVES KNA INES PERES, ET AL** | ) | |
| | ) | **P. P. NO: 02-01-003-203-008** |
| **DEFENDANTS** | ) | |

    J.D. Tomlinson, Lorain County Prosecuting Attorney, by and through the undersigned Assistant Prosecuting Attorney, hereby certifies to the Court that the real estate described in the Judgment Entry filed in this case was offered for sale on two separate occasions and did not sell for want of bidders. Therefore, pursuant to R.C. 5723.01, Plaintiff moves this Court to issue notice to the **City of Lorain, Lorain City Schools**, and the **Lorain County Land Reutilization Corporation** that the property at issue in this matter is going to be forfeited to the state and that it can instead be forfeited to them if they petition the Court within **14 days** after notification by the Court.

                                                    Respectfully submitted,

                                                    **J.D. TOMLINSON**
                                                   Prosecuting Attorney
                                                   Lorain County, Ohio

                                                   */s/ Katherine L. Keefer*
                                                   KATHERINE L. KEEFER (0088096)
                                                   Assistant Prosecuting Attorney
                                                   Attorneys for Lorain County Treasurer
                                                   225 Court Street, 3rd Floor
                                                   Elyria, Ohio  44035-5642
                                                   Phone: (440) 329-5656
                                                   Fax: (440) 329-5430

**EXHIBIT B**

IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO

| | | |
|---|---|---|
| **LORAIN COUNTY TREASURER,** | ) | **CASE NO. 22TX007883** |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | **JUDGE RAYMOND J. EWERS** |
| VS. | ) | |
| | ) | **NOTICE OF PROPERTY TO BE** |
| | ) | **FORFEITED AND RIGHT TO CLAIM** |
| **INES NIEVES KNA INES PERES,** | ) | **WITH INSTRUCTIONS TO THE CLERK** |
| **ET AL** | ) | |
| | ) | |
| | ) | **P. P. NO: 02-01-003-203-008** |
| **DEFENDANTS** | ) | |
| | ) | |

This Court hereby gives notice to the **City of Lorain, Lorain City Schools** and the **Lorain County Land Reutilization Corporation** that property known as follows:

**Permanent Parcel No.**     02-01-003-203-008

**Commonly known as:**     125 West 29th St., Lorain, OH 44055

**Prior Deed Reference:**     Instrument No. 20060140961 of Lorain County Records

is the subject of a tax foreclosure in this matter and the property has been offered twice at sheriff sale and has failed to sell. Pursuant to R.C. 5723.01, this Court is providing the **City of Lorain, Lorain City Schools** and the **Lorain County Land Reutilization Corporation** with notice of their right to petition this Court to have the property forfeited to them. Should the **City of Lorain, Lorain City Schools** or the **Lorain County Land Reutilization Corporation** wish to have this property transferred to them under the authority of R.C. 5723.01, they shall file a petition with this Court in this case with fourteen (14) days of this notice. If no petition is received within ten days, the property shall be forfeited to the State of Ohio.

Clerk of Courts is ordered to issue this notice to the entities listed below:

**City of Lorain**
c/o Law Director's Office
200 West Erie Ave.
Lorain, OH 44052

**Lorain City Schools**
2350 Pole Ave.
Lorain, OH 44052

**Lorain County Land Reutilization Corporation**
226 Middle Ave., 5th Fl.
Elyria, OH 44035

_____
**MAGISTRATE**

**EXHIBIT C**

# Purchase Agreement

THIS AGREEMENT is entered into by and between

| Seller's Information | Buyer's Information |
|---|---|
| Name(s): Lorain County Land Reutilization Corporation | Name(s): Ricki Perkis Jr |
| | All American Home Renovations LLC |
| Current Address: 226 Middle Ave 5th Floor | Current Address: 215 Howe St. |
| Elyria, OH 44035 | Elyria, OH 44035 |
| hereinafter referred to as "Seller" | hereinafter referred to as "Buyer". |

1. In consideration of the mutual promises herein contained, Seller agrees to sell and convey and Buyer agrees to buy and pay for, in accordance with the terms and conditions of this contract, the property known as

   125 W 29th St. Lorain, OH 44055

   (Address or short legal), see Exhibit "A" for legal description, Permanent Parcel Numbers 02-01-003-203-008, including but not limited to: all electrical, heating, plumbing, and bathroom fixtures; all window and door shades, blinds, awnings, screens, storm windows, curtain and drapery fixtures; all landscaping, smoke detectors, the kitchen cook range, oven, refrigerator, dishwasher, garage openers and specifically the following items shall remain:

   n/a

   located thereon and hereinafter referred to as "Property".

   The following are specifically not included: n/a

2. The Buyer and Seller heregy designate and appoint Old Republic National Title Insurance, to be the "Escrow Agent" and issue the Buyer a title policy pursuant to the terms of this agreement.

3. Buyer agrees to pay for the Property the sum* of  $ 5000.00
   *total of 3a, 3b, and 3c.

   This amount shall be paid as follows:
   a. Earnest money in the amount of  $ n/a
   shall be deposited with the Escrow Agent and applied to the purchase price upon signing of this contract.

   b. The Buyer intends to finance the sum of  $ n/a

   This contract is contingent upon the Buyers obtaining financing in the amount stated. The Buyer agrees to making application with a lender within 5 business days of this contract, and use his "good faith" effort to obtain such loan. Buyer agrees to either remove this contingency or satisfy this contingency by obtaining a loan commitment within 30 days of the date of this contract.

**EXHIBIT D**

Page 2 of 4 Pages

If at any time after application is made by the Buyer the Buyer is notified that a loan cannot be obtained or that this contingency cannot be satisfied this agreement shall become null and void at the option of either party and all earnest moneys shall be returned to the Buyer.

Type of Financing:
☐ Conventional  ☐ FHA  ☐ VA  ☐ Other

c. The balance sum of $ n/a _____ is to be deposited with the Escrow Agent and applied toward the purchase price, at closing.

4. Seller agrees to furnish a warranty deed, with release of dower, conveying to Buyer in joint and survivorship form, good record marketable title in fee simple free and clear of all encumbrances except, easements, and rights of ways of record, and conditions and restrictions of record, zoning ordinances, real estate taxes and assessements, for the current year and thereafter.

5. An Owner's fee policy of Title Insurance in the amoung of the purchase price shall be issued by Old Republic National Title Insurance Company, 160 Cleveland St., Elyria, OH 44035, 440-322-5300. If any defect in title is discovered prior to the time of closing and if it is not waived in writing by Buyer, Seller shall have a reasonable extension of time for closing, but in no event more than thirty (30) days from the date Seller is notified of the defect, for removal of said defect.

6. All real estate taxes, assessments and rents, if any, shall be prorated in escrow, as of the date of title transfer. In prorating taxes and assessments, the amount assessed by the county auditor on the latest available tax duplicate shall be used. If the property being transferred is new construction and recently completed or in the process of completion, the Escrow Agent is instructed to make a good faith estimate of the taxes to be owed on the value of the improved property to the date of title transfer and credit the Buyer from Seller's funds so that the Buyer can pay those taxes when they become due and payable. Association fees and maintenance fees shall be prorated by the Escrow Agent. If the property is in agricultural recoupment, CAUV, the Seller agrees to credit the Buyer the recoupage amount, unless the property will be kept in the CAUV program by the Buyer.

7. The Escrow Agent shall charge to Seller and pay out of the purchase price:
    (a) one half of the escrow fee;
    (b) the cost of the real estate conveyance fee;
    (c) any amount due Buyer by reason of proation;
    (d) the cost of title exam;
    (e) one half the cost of the Owner's Title Insurance Policy; and
    (f) the preparation of the warranty deed.

   The Escrow Agent shall charge Buyer
    (a) all fees for filing the warranty deed and the mortgage deed if any placed upon the property;
    (b) any other costs associated with the Buyer's financing;
    (c) one half the cost of the Owner's Title Insurance Policy;
    (d) one half the escrow fee; and
    (e) the cost of inspections.

If Buyer has an FHA/VA mortgage, and regulations prohibit payment of certian fees by Buyer, Seller agrees to pay such fees.

8. All documents and funds necessary for the completion of this transaction shall be deposited with the Escrow Agent on or before __n/a_____ (date). Titile shall be transferred on or before _____ (date). Seller agrees to deliver possession of the property on the later date of either within _____ days of Title Transfer or on _____ (date) at _____ AM/PM.

9. The Buyer is purchasing the property subject to the following inspection(s) by a qualified inspection of the Buyer's choice within the specified numbers of days from the formation of this Agreement. The Buyer acknowledges receipt of the "Residential Property Disclosure Form" from the Seller and the Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards. The "Residential Property Disclosure Form" and "Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards" are attached hereto as addendum and are made a part hereof. The Buyer acknowlesdges receipt of the pamphlet "Protect your Family from lead in Your Home."

   **Inspections required by any state, county, local government or FHA/VA do not necessarily eliminate the need for the inspections below:**

| Choice | | Inspection | | Expense | |
|---|---|---|---|---|---|
| Yes | No | | | Buyer | Seller |
| ☐ | ☑ | General Home | ___ days from formation of contract | ☐ | ☐ |
| ☐ | ☑ | Septic System | ___ days from formation of contract | ☐ | ☐ |
| ☐ | ☑ | Termite/Pest | ___ days from formation of contract | ☐ | ☐ |
| ☐ | ☑ | Well Flow/Potability | ___ days from formation of contract | ☐ | ☐ |
| ☐ | ☑ | Radon | ___ days from formation of contract | ☐ | ☐ |
| ☐ | ☑ | Other _____ | ___ days from formation of contract | ☐ | ☐ |

   _____ (initials) Buyer elects to waive each professional inspection to which purchase has not indicated "yes". Any failure by Buyer to perform any inspection indicated "yes" herein is a waive of such inspection and shall be deemed by absolute acceptance of the Property By Buyer and its "as is" condition.

   After each inspection is completed, Buyer shall have three (3) days to elect one of the following:
   a) remove the inspection contingency and accept the property in its "as is" present physical condition, or
   b) accept the property subject to Seller agreeing to have specific items corrected at the Seller's expense, or
   c) terminate this agreement if written report(s) identify material latent defects NOT previously disclosed in writing to the Seller
   If the property is accepted in its "as is" present physical condition, Buyer agrees to sign an amendment to this agreement removing the inspection contingency and this agreement will proceed in full force and effect. If the property is accepted subject to the Seller repairing specific defects, Buyer shall provide Seller a copy of the inspection report(s) and sign an amendment to this agreement removing the inspection contingency and identifying the defects which are to be repaired. Seller and Buyer shall have three (3) days from Seller's receipt of the written list of defects and the inspection report(s) to agree in writing which defects, if any, will be corrected at Seller's expense.

   Seller warrants that Seller has disclosed to Buyer all notices recieved pursuant Ohio's sex offender law (Megan's Law). The Buyer acknoledges that the information disclosed may no longer be accurate and agrees to inquire with the local sherriff's office. Buyer agrees to assume responsibility to check with the local sherrif's office to validate the accuracy and timeliness of the information.

10. The risk of loss shall remain with the Seller until title transfer. Should such property be substantially damaged by fire or other casualty prior to filing the Deed the Buyer shall have the option to void this agreement in which event all earnest moneys shall be returned to the Buyer and such agreement shall become null and void, or have such insurance proceeds deposited into escrow thereupon completing the purchase.

11. The parties acknoledge and represent that no real estate agent or broker has been used in this transaction.

12. This contract shall be governed by the laws of the State of Ohio. The covenants, conditions, and agreements herein shall be binding upon each of the parties hereto, and their respective heirs, devisees, executors, administrators, successors and assigns, and shall be deemed to contain all their terms and conditions agreed upon, it being agreed that there are no outside conditions, representations, warranties, or agreements. The terms and conditions to be performed by the Seller shall survive the delivery and acceptane of the deed. Any portion of the contract declared invalid by law will not void the remainder of this contract.

Sellers | Buyers

Signature Seller: *[signed]*
Lorain County Land Reutilization Corportation
Printed Name

Signature Buyer: *[signed]*
Ricki Perkins Jr
Printed Name

Signature Seller

Signature Buyer

Printed Name

Printed Name

Home Phone #: 440-328-2336

Home Phone #:

Cell Phone #:

Cell Phone #:

Email: JLMiller@loraincounty.us

Email:

Date:

Date:

This contract is open for acceptance for 3 days after the date first signed.

NOTE: All parties are advised to seek legal counsel prior to completing this agreement or signing this agreement.

**USPS POSTAL MONEY ORDER**

Serial Number: 28996383622
Year-Month-Day: 2024-07-18
Post Office: 441030
Amount: $1000.00
One Thousand Dollars and 00/100

Pay to: LC Land Reutilizations Corporation.
From: Ricki Perkins
Address: 215 Howe St. Elyria, OH
Clerk: 12

⑆00000800⑈ 28996383622⑇

---

**USPS POSTAL MONEY ORDER**

Serial Number: 28996383598
Year-Month-Day: 2024-07-18
Post Office: 441030
Amount: $1000.00
One Thousand Dollars and 00/100

Pay to: LC Land Reutilization Corp.
From: Ricki Perkins
Address: 215 Howe street Elyria OH
Clerk: 12

⑆00000800⑈ 28996383598⑇

---

**USPS POSTAL MONEY ORDER**

Serial Number: 28996383587
Year-Month-Day: 2024-07-18
Post Office: 441030
Amount: $1000.00
One Thousand Dollars and 00/100

Pay to: LC Land Reutilization Corp.
From: Ricki Perkins
Address: 215 Howe St. Elyria OH
Clerk: 12

⑆00000800⑈ 28996383587⑇

---

**USPS POSTAL MONEY ORDER**

Serial Number: 28996383611
Year-Month-Day: 2024-07-18
Post Office: 441030
Amount: $1000.00
One Thousand Dollars and 00/100

Pay to: LC Land Reutilization Corp.
From: Ricki Perkins
Address: 215 Howe St. Elyria OH
Clerk: 12

⑆00000800⑈ 28996383611⑇

2024-0020678
DEEDS Fee: $0.00 Page 1 of 2
Recorded: 7/24/2024 at 11:07 AM
Receipt: T20240014847
Lorain County Recorder Mike Doran

**TRANSFERRED**
IN COMPLIANCE WITH SEC. 319-202
OHIO REV. CODE

JUL 2 4 2024  *Exempt*

# Quit Claim Deed
J. CRAIG SNODGRASS, CPA, CGFM
LORAIN COUNTY AUDITOR

*Know all Men by these Presents*

*That,* **Lorain County Land Reutilization Corporation**, the Grantor, who may claim title by or through **Instrument No. 2023-0907905** recorded in the Lorain County Recorder's Office, for good and valuable consideration received to its full satisfaction **All American Home Renovations LLC** the Grantee, whose *TAX MAILING ADDRESS* will be **215 Howe St. Elyria, OH 44035**, has given, granted, remised, released and forever quit-claimed, and does by these presents absolutely give, grant, remise, release and forever quit-claim unto the said Grantee, its successors and assigns forever, all such right and title as it, the said Grantors, has or may have in and to the premises identified by Permanent Parcel Number 02-01-003-203-008 and as described below,

Situated in the City of Lorain, County of Lorain and State of Ohio; and known as being Sublot No. 43 in Morehouse and Foster's Subdivision, of part of Original Black River Township Lot No. 3, Tract 1, as shown by the recorded plat in Volume 4, Page 27 of Lorain County Records, and being a parcel of land 50 feet front on the Southerly side of Allen Avenue, now known as West 29th Street, and extending back of equal width 132.92 feet, as appears by said plat, being the same more or less.

P.P. No. 02-01-003-203-008

Legal description reviewed by _____
7/24/24 per ORC Sec. 671__

*TO HAVE AND TO HOLD* the above granted and bargained premises, with the appurtenances thereof, unto the said Grantee, its successors and assigns, so that neither the said Grantors, nor its successors or assigns, nor any other persons claiming title through or under it, shall or will

hereafter claim or demand any right or title to the premises, or any part thereof; but they and every one of them shall by these presents be excluded forever.

Signed and acknowledged in the presence of:

By: _____
James L. Miller,
Lorain County Land Reutilization Corporation

*State of Ohio* )
)
*Lorain County,* ) ss.

    Before me, a Notary Public, in and for said County and State, **James L. Miller, Assistant Director Lorain County Land Reutilization Corporation** personally appeared and acknowledged that she / he did sign the foregoing instrument and that the same is her / his free act and deed.

    ***In Testimony Whereof, I*** have hereunto set my hand and official seal at *226 Middle Ave, Elyria, OH 44035*, this _23_ day of _July_____, 2024.

_____

This instrument prepared by:
Lorain County Land Reutilization Corporation
226 Middle Ave. 5th Floor
Elyria, OH 44035

Nicole Finnerty
Notary Public, State of Ohio
My Commission Expires:
August 14, 2028