HUGHES & SUHR LLC

1341 W. Fullerton Ave., Suite 171

Chicago, Illinois 60614

February 28, 2025

Mr. Daniel J. Talarek
Lorain County Treasurer
226 Middle Avenue
Elyria, Ohio 44035
Via E-mail to counsel

Dear Mr. Talarek:

I write on behalf of my clients Inez Nieves and Betsy Ramos. Ms. Nieves and Ms. Ramos were co-owners of the property located at 125 W. 29th St., Lorain, Ohio, parcel number 0201003203008. The County foreclosed on their property due to unpaid property taxes in 2022. When the property failed to sell at two auctions, it was forfeit to the State, and subsequently transferred to the Lorain County Land Reutilization Corporation (the county land bank). On July 24, 2024, the Land Bank sold the property to All American Home Renovations, LLC.

The Auditor's Deed states on its face that the parcel was transferred from the State to the Land Bank pursuant to O.R.C. 5722.04.[1] Nonetheless, the Lorain County Port Authority has asserted that the former owners, Ms. Nieves and Ms. Ramos, must file a claim for surplus proceeds with you under O.R.C. 5723.11, a separate statutory provision for other types of tax foreclosures.

The federal district court considering that case has directed that my clients write you to recover any such proceeds if they exist and are available. Thus, I write:

1. To ascertain your office's position on whether Chapter 5722 or Chapter 5723 applies to the parcel in question.
2. If Chapter 5722 applies to the Land Bank's July 2024 sale, to ascertain your office's position on whether your office can recover and transfer surplus proceeds from this sale by the Land Bank to a third party, notwithstanding O.R.C. 5722.08.

---

[1] As you may know, there is no statutory vehicle for the recovery of surplus proceeds after sale of a parcel transferred under O.R.C. 5722.04. Rather, after a § 5722.04 transfer, the Land Bank decides whether and how to sell the property. O.R.C. § 5722.07. If the Land Bank sells the property, the proceeds "shall be retained by the" Land Bank "without further reporting or accounting to the taxing districts," *id.* § 5722.08, rather than (as under Chapter 5723 sales) put in county coffers. *See id.* §§ 5723.11, 5723.18. The Lorain County Port Authority has conceded in court that after a § 5722.04 transfer and subsequent sale, what happens is a "retention and expenditure of funds received by the Land Bank for its program."

3. If Chapter 5723 applies to the Land Bank's July 2024 sale in your view, to ascertain your office's position on whether your office can recover and transfer surplus proceeds from this sale by the Land Bank to a third party.[2]

4. If your office can recover and transfer surplus proceeds from the Land Bank's July 2024 sale to a third party, to recover any surplus proceeds owed to my clients from that sale over and above the back taxes and fees owed on the property (which we believe to be $16,257). If there were no excess proceeds generated by the Land Bank's sale to All American Home Renovations LLC, please confirm this in writing as well.

Sincerely yours,

Daniel R. Suhr
dsuhr@hughesandsuhr.com
*Counsel for Ms. Nieves and Ms. Ramos*
*Licensed in Wisconsin, admitted PHV*

N.B. The submission of this letter is at the direction of the Court in *Nieves v. Snodgrass*, No. 1:24-cv-01861 (N.D.Oh.) and does not constitute an admission or waiver or concession of any right or argument, including that the claimants are entitled to surplus equity and not only surplus proceeds.

---

[2] O.R.C. 5723.11 provides in relevant part: "If any forfeited lands are sold for a greater sum than the amount of the tax, assessment, penalty, interest, and costs of sale, the county auditor shall charge the county treasurer separately in each case, in the name of the supposed owner, with the excess above such amount. The treasurer shall retain such excess in the treasury for the proper owner of the forfeited lands, and upon demand by such owner, within one year from the day of sale, shall pay the excess to the owner." The statute's context shows that the "lands sold" here only refers to lands sold by the Auditor at auction, given the wording of 5723.10 and .12, not lands sold by the land bank. That reading is further reinforced by O.R.C. 5723.04, which gives the land bank title to forfeited properties free and clear of any lien or other obligation.