| | |
|---|---|
| **From:** | Benjamin M. Flowers |
| **To:** | Jeffrey S. Moeller; Joseph P. Ashbrook; Daniel Suhr; Chad Kohler; Leigh Prugh; Christopher Mills; sneedham@reminger.com |
| **Cc:** | kasavidge@sseg-law.com; LCPA _ Litigation Communications; Connie S. Carr |
| **Subject:** | RE: Nieves et al. v. Lorain Cty. Bd. of Comm"rs, No. 1:24-cv-01861-DAP (N.D. Ohio), FRCP 11 Safe Harbor Notice [IMAN-SSEG.FID84004] |
| **Date:** | Friday, June 13, 2025 2:54:34 PM |

Understood.  If you let us know by the end of the day Monday we will not request a status conference.  Have a good weekend.

**From:** Jeffrey S. Moeller <JMoeller@sseg-law.com>
**Sent:** Friday, June 13, 2025 2:51 PM
**To:** Benjamin M. Flowers <bflowers@abkf.com>; Joseph P. Ashbrook <jpashbrook@abkf.com>
**Cc:** kasavidge@sseg-law.com; LCPA _ Litigation Communications <{F84004}.SSEG@sseg.imanage.work>; Connie S. Carr <ccarr@sseg-law.com>
**Subject:** Re: Nieves et al. v. Lorain Cty. Bd. of Comm'rs, No. 1:24-cv-01861-DAP (N.D. Ohio), FRCP 11 Safe Harbor Notice [IMAN-SSEG.FID84004]

You do you. Everything you are now claiming, apart from not being pled, is exactly what the proposed motion says is going on: you are suing LCPA because they are somehow related to the Land Bank, not because it did something itself, and that is the only allegation involving LCPA. That of course is the entire theme of the proposed motion: naming uninvolved related entities because they are related is frivolous. I've heard nothing today that it is not a variation on that theme. Nonetheless you seem desperate to get out in front of a motion that has not been filed, only warned. If you think that's appropriate (I don't) then you will proceed and I will address it accordingly. Enjoy your weekend.

**From:** Benjamin M. Flowers <bflowers@abkf.com>
**Sent:** Friday, June 13, 2025 2:37 PM
**To:** Jeffrey S. Moeller <JMoeller@sseg-law.com>; Chad Kohler <chad.kohler@ohioago.gov>; leigh.prugh@lcprosecutor.org <leigh.prugh@lcprosecutor.org>; Christopher Mills <cmills@spero.law>; Daniel Suhr <danielsuhrncjl@gmail.com>; Joseph P. Ashbrook <jpashbrook@abkf.com>
**Cc:** Keith A. Savidge <kasavidge@sseg-law.com>; LCPA _ Litigation Communications <{F84004}.SSEG@sseg.imanage.work>; Connie S. Carr <ccarr@sseg-law.com>
**Subject:** RE: Nieves et al. v. Lorain Cty. Bd. of Comm'rs, No. 1:24-cv-01861-DAP (N.D. Ohio), FRCP 11 Safe Harbor Notice [IMAN-SSEG.FID84004]

Jeff,

We do not deny that LCPA is a separate legal entity.  That is why the LCPA was named separately.  But we allege that the LCPA operates the Land Bank.  (Paragraph

**EXHIBIT 1**

35 of the SAC) This is supported by the public record. While we aren't required to disclose support at this stage, I can provide some in hopes of resolving this without needing to involve the Court:

- The County's attorneys told us, at the initial hearing, that the Port Authority manages the Land Bank. As the Port Authority has a relationship to the County, it was reasonable to credit this claim.
- The county's official website discusses meetings of the LCPA board and Land Bank board together.
- The report I sent earlier speaks of a management agreement between the LCPA and the Land Bank.
- The LCPA's meeting minutes report that the LCPA and the lank bank have "combined financials." [https://www.loraincountyohio.gov/AgendaCenter/ViewFile/Minutes/_07312024-947](https://www.loraincountyohio.gov/AgendaCenter/ViewFile/Minutes/_07312024-947).
- Other local government entities in Lorain County say that the "Lorain County Land Bank is managed by the Lorain County Port Authority." [https://www.lorainport.com/faq/](https://www.lorainport.com/faq/)
- Representative Kaptur, in a statement in which the LCPA's director is quoted discussing operation of the Land Bank, states that the "county port serves as coordinator for the County Land Reutilization Corporation, which is also known as the county land bank." [https://kaptur.house.gov/media-center/in-the-news/lorain-county-lands-33m-housing-demolition](https://kaptur.house.gov/media-center/in-the-news/lorain-county-lands-33m-housing-demolition).

In sum, you are incorrect to assume that we never investigated the Port Authority's relationship to the Land Bank or to assume that our allegations are without foundation. I'm not denying your right to deny that the LCPA manages or otherwise has anything to do with the Land Bank (though you've not quite said that). But there is nothing frivolous about our allegations to the contrary.

In any event, I gather from the tone of your emails that you want to press ahead. We will plan to ask for a status hearing unless you decide you no longer want to pursue this and let us know by the end of the day Monday.

**From:** Jeffrey S. Moeller <[JMoeller@sseg-law.com](mailto:JMoeller@sseg-law.com)>

**Sent:** Friday, June 13, 2025 1:46 PM
**To:** Benjamin M. Flowers <bflowers@abkf.com>; Joseph P. Ashbrook <jpashbrook@abkf.com>
**Cc:** kasavidge@sseg-law.com; LCPA _ Litigation Communications <{F84004}.SSEG@sseg.imanage.work>; Connie S. Carr <ccarr@sseg-law.com>
**Subject:** RE: Nieves et al. v. Lorain Cty. Bd. of Comm'rs, No. 1:24-cv-01861-DAP (N.D. Ohio), FRCP 11 Safe Harbor Notice [IMAN-SSEG.FID84004]

And what does "component unit" mean, then? You seem to think that means something significant. How does that make LCPA legally responsible for the activities of the Land Bank?

Carefully read note 1 on page 15 for the definition of the term "component unit". It's a separate entity, with different governance, which receives particular public audit treatment because of partial governance overlap.

***"Component units are legally separate organizations for which the Corporation is financially accountable***. Financial accountability exists if a primary government/component unit appoints a majority of an organization's governing board and is able to impose its will on that organization. Financial accountability may also be deemed to exist if there is a potential for the organization to provide financial benefits to, or impose financial burdens on, the primary government/component unit. On this basis, no governmental organization other than the Corporation itself is included in the financial reporting entity.*"*

Different statutes create them, they have different governance, different powers and duties, and different spheres of responsibility. LCPA has no involvement in tax foreclosures or forfeitures.

You are essentially suing the equivalent of an affiliate corporation with different governance for something another affiliate does, not it.

---

**From:** Benjamin M. Flowers <bflowers@abkf.com>
**Sent:** Friday, June 13, 2025 1:21 PM
**To:** Jeffrey S. Moeller <JMoeller@sseg-law.com>; Joseph P. Ashbrook <jpashbrook@abkf.com>
**Cc:** Keith A. Savidge <kasavidge@sseg-law.com>; LCPA _ Litigation Communications <{F84004}.SSEG@sseg.imanage.work>; Connie S. Carr <ccarr@sseg-law.com>
**Subject:** RE: Nieves et al. v. Lorain Cty. Bd. of Comm'rs, No. 1:24-cv-01861-DAP (N.D. Ohio), FRCP 11 Safe Harbor Notice [IMAN-SSEG.FID84004]

# Here is the quoted report:

# https://ohioauditor.gov/auditsearch/Reports/2024/Lorain_Co_Land_Reutilization_Corp_23-Lorain_FINAL.pdf

---

**From:** Benjamin M. Flowers

**Sent:** Friday, June 13, 2025 1:20 PM
**To:** 'Jeffrey S. Moeller' <JMoeller@sseg-law.com>; Joseph P. Ashbrook <jpashbrook@abkf.com>
**Cc:** kasavidge@sseg-law.com; LCPA _ Litigation Communications <{F84004}.SSEG@sseg.imanage.work>; Connie S. Carr <ccarr@sseg-law.com>
**Subject:** RE: Nieves et al. v. Lorain Cty. Bd. of Comm'rs, No. 1:24-cv-01861-DAP (N.D. Ohio), FRCP 11 Safe Harbor Notice [IMAN-SSEG.FID84004]

To name just one source supporting the allegations in our complaint, the Ohio Auditor has issued reports stating that "the Lorain County Land Reutilization Corporation"—the Land Bank—is "a component unit of the Lorain County Port Authority." If that is true, and it would seem to be, then the Port Authority has the role our complaint alleges.

But we can go ahead and ask for a status conference.

**From:** Jeffrey S. Moeller <JMoeller@sseg-law.com>
**Sent:** Friday, June 13, 2025 1:12 PM
**To:** Benjamin M. Flowers <bflowers@abkf.com>; Joseph P. Ashbrook <jpashbrook@abkf.com>
**Cc:** kasavidge@sseg-law.com; LCPA _ Litigation Communications <{F84004}.SSEG@sseg.imanage.work>; Connie S. Carr <ccarr@sseg-law.com>
**Subject:** RE: Nieves et al. v. Lorain Cty. Bd. of Comm'rs, No. 1:24-cv-01861-DAP (N.D. Ohio), FRCP 11 Safe Harbor Notice [IMAN-SSEG.FID84004]

Although this proposed motion is (as it makes clear) about a persistently, facially defective group pleading: please be advised that the LCPA is not the Land Bank and is not responsible for it. They are completely separate entities. Always have been. LCPA had no role in any of this, period, full stop. It's the Port Authority, not the statutory Land Bank, and has no role in county tax foreclosures or forfeitures, period, full stop.

Had the SAC actually alleged otherwise, backed up by some erroneously claimed facts, then the response would have been an MSJ. But we don't even get there. The FAC and SAC don't even allege that the LCPA has a role in county tax foreclosures and forfeitures, let alone what that role is. What is that role, exactly? What page of the SAC is that on? What paragraph is it at? Wholly setting aside whether there is any proper party to this kind of claim other than the State of Ohio, the LCPA is not one. While I sincerely doubt that anyone "told you" to sue an uninvolved party, before signing a pleading, there was an obligation on the part of the signer to investigate and to plead facts supporting their involvement. What investigation did the signer do? I'd like to see it.

Your FAC and SAC are each impermissible group pleadings, and I submit that it is obvious. "Some other attorney at some case management conference told us to sue an uninvolved party, so we did without investigating further, even though we can't explain why they are

named," strikes me as an admission against interest for Rule 11 purposes. And if Judge Polster told the plaintiffs to sue anyone without verifying their facts first and alleging a basis for doing so, then I'll eat my hat. "Gosh, Judge, if **you** hadn't **told** us to sue the LCPA, then we wouldn't have. Sure, we can't even articulate a factual basis for suing them, but aw shucks, you said that we should at a status conference anyway?" That would be a fun status conference, for sure.

But not a necessary one. You now have your safe harbor notice, which is the proper way to make someone cease the persistent pursuit of a facially defective pleading in Federal Court. Given that this is Federal court, the motion does not get filed for 3 weeks, and isn't before the Court until then. You rectify the nonsense, it doesn't get filed, and the question will then shift to whether statutory fees for frivolous litigation will be sought, or not. I told you that the LCPA's defense is out of pocket, so they are not interested in going along for a ride, and we don't appreciate them being drug along for one for no reason, as they have Port Authority things to do with their time and money. Clear now?

You have plenty of time to change course, that's the point of the safe harbor rule. If you want to put the matter before Judge Polster before the motion is even filed, to try to blame the Court(!) for your group pleading, have at it.

---

**From:** Benjamin M. Flowers <bflowers@abkf.com>
**Sent:** Friday, June 13, 2025 11:26 AM
**To:** Lisa Fletcher <lfletcher@sseg-law.com>; Joseph P. Ashbrook <jpashbrook@abkf.com>; dsuhr@equitylawsuit.com; cmills@spero.law; chad.kohler@ohioago.gov; dan.petticord@lcprosecutor.org; greg.peltz@lcprosecutor.org; learnedhand@live.com; leigh.prugh@lcprosecutor.org; sneedham@reminger.com; jvanvliet@reminger.com
**Cc:** Jeffrey S. Moeller <JMoeller@sseg-law.com>; Keith A. Savidge <kasavidge@sseg-law.com>; LCPA _ Litigation Communications <{F84004}.SSEG@sseg.imanage.work>
**Subject:** RE: Nieves et al. v. Lorain Cty. Bd. of Comm'rs, No. 1:24-cv-01861-DAP (N.D. Ohio), FRCP 11 Safe Harbor Notice [IMAN-SSEG.FID84004]

Dear Jeffrey:

I was disappointed to receive your email because it rests on a misunderstanding that we could have cleared up had you reached out first.  Your proposed Rule 11 motion suggests that we engaged in impermissible group pleading and then refused to drop LCPA out of a sense of embarrassment over naming the wrong party.  That is not true.  But understanding why requires some background on events that preceded LCPA's involvement in the case—events you've not had occasion to learn about.

As you know, our initial complaint did not name LCPA as a defendant. When we had our initial videoconference with the court and the county's attorneys in this case, the county's attorneys told the Court that LCPA should have been named as a defendant—the LCPA, they said, was the proper party, or at least a necessary party. At that point, the Court specifically instructed us to name the LCPA as a party in an amended complaint. We followed the Court's instruction, naming LCPA as a defendant. Once we did, you moved to dismiss. Our opposition to that motion would have clarified this. But the Court again ordered us to amend the complaint, and it did so before we could file our response. Thus, we've not previously had a chance to communicate this history.

The Rule 11 threat is inappropriate regardless; our complaint alleges (and you don't deny) that LCPA is responsible for the Land Bank, and we allege that the Land Bank effected the taking that's the subject of this case. The inclusion of the LCPA is thus far from frivolous---especially because you were added at the Court's instruction.

I propose two routes forward. First, you could take my word on the foregoing (or confirm the foregoing with other attorneys who were on the call), drop the Rule 11 threat, and we can proceed to brief the motions to dismiss. You'll have little left to do and if the case is as weak legally as you think, your motion to dismiss will be granted. The time it takes to file a reply brief supporting your motion to dismiss will be less time consuming and costly than the pursuit of a Rule 11 motion. So, I think everyone is better off if we just move on. Second, if you are not willing to drop the threat, we need to move the Court for a status conference so that we can discuss these issues: given the Court's instruction that we needed to add LCPA, we cannot responsibly agree to dismiss you from the case without talking to the Court first.

Please let me know by Tuesday how you'd like to proceed.

Sincerely,

Ben Flowers

---

**From:** Lisa Fletcher <lfletcher@sseg-law.com>

**Sent:** Friday, June 13, 2025 9:59 AM
**To:** Benjamin M. Flowers <bflowers@abkf.com>; Joseph P. Ashbrook <jpashbrook@abkf.com>; dsuhr@equitylawsuit.com; cmills@spero.law; chad.kohler@ohioago.gov; dan.petticord@lcprosecutor.org; greg.peltz@lcprosecutor.org; learnedhand@live.com; leigh.prugh@lcprosecutor.org; sneedham@reminger.com; jvanvliet@reminger.com
**Cc:** Jeffrey S. Moeller <JMoeller@sseg-law.com>; kasavidge@sseg-law.com; LCPA _ Litigation Communications <{F84004}.SSEG@sseg.imanage.work>
**Subject:** Nieves et al. v. Lorain Cty. Bd. of Comm'rs, No. 1:24-cv-01861-DAP (N.D. Ohio), FRCP 11 Safe Harbor Notice [IMAN-SSEG.FID84004]

> Some people who received this message don't often get email from lfletcher@sseg-law.com. Learn why this is important

Counsel: pursuant to the safe harbor provision of FRCP 11, enclosed please find the motion for sanctions that the LCPA has directed me to file with the court, in the event that it is not dismissed within the 21-day cooling-off period.



**Jeffrey S. Moeller |** Partner
26600 Detroit Rd. | Cleveland, OH | 44145
P: (216) 566-8200
F: (216) 566-0213

WWW.SSEG-LAW.COM

  

_____
Confidentiality Note:  This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure.  Dissemination, distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited.  If you have received this e-mail in error, please call a Network Administrator of Seeley, Savidge, Ebert & Gourash Co., LPA at (216) 566-8200 and destroy the original message and all copies.